## ERIE'S APPEAL.

Where City Councils are required to discriminate in taxes between the built up and rural portions of the city, a Court of Equity will not interfere with any reasonable exercise of the discretionary power.

But where the power is abused, a Court of Equity will correct the wrong.

Appeal from Common Pleas of Erie County. In Equity No. 176 October and November Term, 1878.

John R. Saltsman and thirty-seven others filed a bill in equity in the Common Pleas of Erie County, claiming that pursuant to the Act of 25th February, 1870, entitled an Act to extend the boundaries of the City of Erie, there were taken from the Township of Millcreek and annexed to the City of Erie, about 2,500 acres of farming land belonging to the orators, which could not be beneficially used for other than farming purposes.

That the ninth section of said Act is in the words following, to wit: "The Councils of said city shall so discriminate in laying the city taxes as not to impose on the rural portions those expenses which belong exclusively to the built up portions of said city, for which purpose the assessors shall distinguish in their returns what properties are within agricultural or rural sections, not having the benefit of lighting, paving, police, water, 'and other expenditures which belong exclusively to the built up portions of said city; and all land within said agricultural or rural districts used for the purposes of cultivation or farming, and not having any of said privileges, shall be assessed as farm land, and rated as such." That on the 12th day of May, 1871, an Act was passed entitled "An Act supplementary to an Act extending the boundaries

of the City of Erie, approved February 25th, 1870," the first section of which is as follows:

Sec. 1. "That so much of that portion of the City of Erie as by the Act entitled an Act to extend the boundaries of the City of Erie, approved February 25th, A. D. 1870, was taken from Millcreek township and annexed to said city and not built upon or cut up into city lots, shall be designated as the rural or agricultural district of said City of Erie, and all lands within said district shall be assessed as farm lands and rated as such, Provided, that whenever any tract of land lying within said district shall be laid out into city lots and sold as such, then the same shall cease to be rated and assessed as farm lands and taxes thereon shall be levied and collected in like manner as on other real estate within said city as is now required by law."

That the lands of the orators annexed as aforesaid do not have the benefits of lighting, paving, police, water and other expenditures exclusively belonging to the built up portions of said City of Erie; and that there are large tracts of said land through which there are no streets or public highways, excepting the old township roads; nor do they enjoy any additional benefits by reason of said annexation.

That the City of Erie, in Select and Common Council, assembled on the 5th day of April, 1875, ordered and enacted that the city tax for the year 1875, should be "six mills on the dollar assessed valuation, to pay interest on bonds and endorsed warrants, and discounts, one mill for sinking fund, and four mills for general purposes;" making in all eleven mills on the dollar assessed valuation, as the tax levy for 1875, on all the land situate in said City of Erie, including said lands of the orators, less one mill on the dollar of the assessed valuation of said lands of the orators.

That said levy and assessment was in violation of the provisions of said section of said Act, and said abatement of only one mill is less than the orators were entitled to under the provisions of said section. That in violation of said section and Act, the city imposed said rates on the orators and has repeatedly refused to abate so much of said tax as was levied for the gas, paving, water, police and fire departments, and for

the payment of the public debt, and that the tax collectors, pursuant to their instructions, demanded full payment of said ten mills on the dollar of assessed valuation, and were about to seize and sell the property of the orators for the same.

And praying that such defendants, the City of Erie, its agents, servants and employees, be temporarily restrained from collecting from the orators said tax of ten mills on the dollar, and on the final hearing of the bill be perpetually enjoined from collecting such part of said tax as the orators in equity ought not to be required to pay.

A preliminary injunction was granted on June 15th, 1875, restraining the city from the collection of the tax. On June 19th, 1875, the injunction was so modified as to permit the collection of four mills, continuing as to the remaining six mills. On April 24th, 1876, the Court overruled a demurrer and motion to dissolve the injunction, and after issue joined and testimony reported by the master appointed for that purpose, on July 10th, 1877, made decree making the injunction perpetual.

The City of Erie then appealed.

*S. E. and T. S. Woodruff*, *Esqs.*, for appellant, cited Clinton School District's Appeal, 56 Pa., 315 ; Stewart vs. Maple, 70 Pa., 221 ; Hughes vs. Kline, 30 Pa., 227 ; Crist vs. Morris, 2 W. N. C., 620 ; Wharton vs. School Directors, 42 Pa., 358 ; Forward School District's Appeal, 56 Pa., 321 ; Kelly vs. Pittsburg, 5 W. N. C., 324 ; Act February 25, 1870, P. L. 242 ; Act May 12, 1871, P. L. 811.

*M. E. Dunlap and D. B. McCreary*, *Esqs.*, contra, cited: Kitty Roup's Case, 1 W. N. C., 254 ; Washington Avenue, 69 Pa., 352 ; Miller vs. Gorman, 38 Pa., 309 ; Pittsburg's Appeal, 79 Pa., 317 ; Gillette vs. City of Hartford, 31 Conn., 351.

The Supreme Court affirmed the decree of the Common Pleas on October 28, 1878, in the following opinion,

PER CURIAM:

We discover no error in this case. When the legislature provided for the extension of the boundaries of the City of Erie, care was taken to prevent the injustice which would be done to the owners of farm lands, by directing the City

Councils "to so discriminate in levying the city taxes as not to impose on the rural portions those expenses which belong exclusively to the built up portions of said city." The assessors were directed to distinguish the taxable property accordingly. The character of the land being thus ascertained, the Councils were bound to apply a proper and equitable rate in levying the taxes on farm lands, and not one illusory and unsubstantial. Within a sound exercise of the discretionary power, a Court of Equity would not interfere with the adjusted rate, for this would be to assume to exercise the powers delegated only to the Councils. But when satisfied that the exercise of the power has been abused, and the discrimination is wholly illusory and unjust, the powers of the Court are adequate to correct such a palpable wrong. The law must have reasonable enforcement to carry out its just purpose, otherwise a great wrong must go without redress.

Finding no error in the record, the decree of the Court of Common Pleas is affirmed, with costs to be paid by the City of Erie, and the appeal is dismissed.